Exhibit B

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF | ) | |
| | ) | Chapter 7 |
| ROBERT T. DONNELLY, an individual, and | ) | |
| KATHERINE M. DONNELLY, an individual, | ) | |
| | ) | No. 05 B 54490 |
| | ) | Hon. Bruce W. Black (Joliet) |
| Debtors. | ) | December 8, 2006 at 9:15 a.m. |

NOTICE OF APPLICATION

TO:   Service List

PLEASE TAKE NOTICE that on December 8, 2006 at 9:15 a.m. before the Honorable Judge Bruce W. Black in Courtroom 201 of the United States Bankruptcy Court, Northern District of Illinois, Eastern Division, 57 West Jefferson, Joliet, Illinois, we shall then and there present the attached **FIRST INTERIM AND FINAL APPLICATION OF SUGAR, FRIEDBERG & FELSENTHAL LLP FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR JANUARY 27, 2006 THROUGH AUGUST 14, 2006 RELATING TO REPRESENTATION OF THE TRUSTEE**, a copy of which is hereby served upon you.

SUGAR, FRIEDBERG & FELSENTHAL LLP

By: /s/ Paula K. Jacobi
Paula K. Jacobi, Esq., one of SFF's partners

Paula K. Jacobi, Esq. (#1311247)
Andrew J. Abrams, Esq. (#6271836)
SUGAR, FRIEDBERG & FELSENTHAL LLP
30 North LaSalle Street, Suite 3000
Chicago, Illinois 60602
Telephone: 312-704-9400

106680-1

## CERTIFICATE OF SERVICE

I, Andrew J. Abrams, of Sugar, Friedberg & Felsenthal LLP, state under penalty of perjury, that on this 7th day of November 2006, I caused the **FIRST INTERIM AND FINAL APPLICATION OF SUGAR, FRIEDBERG & FELSENTHAL LLP FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR JANUARY 27, 2006 THROUGH AUGUST 14, 2006 RELATING TO REPRESENTATION OF THE TRUSTEE** and accompanying Notice to be served on the parties listed below VIA REGULAR MAIL and upon those parties that receive electronic notice upon filing with this Court's ECF system.

Deborah K. Ebner, Esq.
11 East Adams Street
Suite 800
Chicago, IL 60601

Office of the United States Trustee
Attn: Gretchen Silver, Esq.
227 West Monroe Street
Chicago, Illinois 60606

John A. Reed, Esq.
63 W. Jefferson Street
Suite 200
Joliet, IL 60432

Timothy R. Yueill, Esq.
Law Office of Ira T. Nevel
175 N. Franklin Street
Suite 201
Chicago, IL 60606

Rachael Stokas, Esq.
Codilis & Associates
15 W030 North Frontage Road
Burr Ridge, IL 60527

By: /s/ Andrew J. Abrams
Andrew J. Abrams

106680-1

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF ) | |
| ) | Chapter 7 |
| ROBERT T. DONNELLY, an individual, and ) | |
| KATHERINE M. DONNELLY, an individual, ) | |
| ) | No. 05 B 54490 |
| ) | Hon. Bruce W. Black (Joliet) |
| Debtors. ) | |

**FIRST INTERIM AND FINAL APPLICATION OF SUGAR, FRIEDBERG &
FELSENTHAL LLP FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES
FOR JANUARY 27, 2006 THROUGH AUGUST 14, 2006 RELATING TO
<u>REPRESENTATION OF THE TRUSTEE</u>**

Sugar, Friedberg & Felsenthal LLP ("SFF"), counsel for Deborah K. Ebner, not individually but as Chapter 7 Trustee for the estate of Robert T. Donnelly and Katherine M. Donnelly ("Debtors") (the "Trustee") pursuant to § 331 of the United States Bankruptcy Code (the "Code") and Rule 2002(a) of the Federal Rules of Bankruptcy Procedure, hereby requests that this Court enter an Order allowing and approving: (i) $6,713.00 in compensation for SFF's legal services from January 27, 2006 through August 14, 2006 (the "Application Period"); and (ii) $205.34 as reimbursement for costs and expenses incurred and/or booked by SFF in connection with the case during the Application Period. In support of this Application, SFF states as follows:

**Background**

1.     On October 14, 2005 (the "Petition Date"), Debtors filed voluntary petitions for relief pursuant to Chapter 7 of the Bankruptcy Code. Thereafter, the United States Trustee for the Northern District of Illinois appointed Deborah K. Ebner as the Chapter 7 trustee of Debtors' estate.

2. The first meeting of creditors took place on January 26, 2006, which meeting was continued to February 7, 2006. Based on Debtors' testimony at the meeting, the Trustee filed an Initial Report of Assets in this case given Debtors' ownership of a property commonly known as 107 St. Jude, Joliet, Illinois 60436 (the "Property") for which the Trustee believed a sale would generate a distribution to creditors. Otherwise, this case would be treated as a "no asset" case with no distribution to unsecured creditors. The Property is not, and was not as of the Petition Date, Debtors' residence.

3. Debtors did not exempt any interest in the Property. Debtors scheduled the Property at $118,000 with a secured claim of Option One Mortgage Corporation (the "Mortgage Holder") of approximately $86,000.

4. On February 3, 2006, this Court entered an Order authorizing the Trustee to employ Paula K. Jacobi and the law firm of SFF *nunc pro tunc* January 27, 2006 as counsel with respect to issues relating to the Property.

5. On February 17, 2006, this Court authorized the Trustee to retain Phyllis Anselmino, Dick Anselmino and their brokerage firm Karges Realty ("Karges") to act as selling broker on behalf of the estate.

6. Karges informed the Trustee that houses in the area of the Property had sold anywhere between $109,500 up to $170,000 depending on the condition, and current sales prices ranged from $124,500 to $139,900. Immediately upon retention, Karges listed the Property at $144,900, had it listed in multiple listings, and began to actively market the Property for sale.

7. The Trustee, through SFF, filed two motions to sell the Property. The first motion was withdrawn when the stalking horse buyer proved unable to close on the sale. The second motion was denied based on the objection of the Mortgage Holder, which objected to a proposed

Section 506(c) surcharge against its claim. Without the surcharge, the sale would be "underwater" and could not net any funds to the estate (including those necessary to pay all closing costs and the estate's capital-gain taxes).

8. The Property has since been abandoned by the estate. The Mortgage Holder has not objected to the Trustee's use of roughly $3,000 in rents that were collected post-petition to pay the fees requested by SFF.

9. As counsel for the Trustee, SFF has provided the following services for the estate:

   a. Worked with Trustee on broker selection, reviewing, negotiating and finalizing broker agreement;

   b. Obtained authority to retain a real estate broker to market and sell the Property;

   c. Assisted Trustee in negotiating two sale contracts of the Property and prices thereof;

   d. Worked with buyer's counsel (twice) negotiating terms of written offers which became stalking horse bids

   e. Sought Court approval (twice) for terms and condition for the sale of the Property,

   f. Addressed objection of Mortgage Holder and negotiated with Mortgage Holder regarding Section 506(c) surcharge; and

   g. Researched tax issues relating to sale of Property (tax deed sale and capital-gain tax issues).

10. SFF expended 29.50 hours with a value of $6,713.00 in connection with its representation of the Trustee during the Application Period. These fees are at the same rates that SFF charges its non-bankruptcy clients. A detailed itemization of the professional time expended in connection with the cases, containing the billing rates of the attorneys and

paralegals that provided the services, is attached as Exhibit A.[1] Approximately ninety-five percent of this time related to the Property.

11.    SFF also seeks $205.34 for costs and expenses it incurred in connection with this case that were incurred during the Application Period that are reimbursable under applicable rules. SFF charges $.10 per photocopy. The costs and expenses are itemized on Exhibit A and are as folows: (i) Will County recorder fees: $29.00; (ii) Federal Express: $12.83; (iii) Messenger Delivery: $4.00; (iv) Westlaw: $16.72; (v) Pacer: $14.96; (vi) Postage for Motion to Sell: $98.58 and (vii) Photocopy Charges $29.25.

12.    SFF respectufllly requests that pursuant to Local Rule 5082-1(E) that this Court excuse the requirements of Local Rule 5082-1(C) and (D) given the *de minimis* amounts requested, the details set forth in the attached billing statements, which contain a breakdown of the individuals at SFF that provided services for the Trustee and the amount of hours provided, and the expectation that SFF will already not recover all the fees requested given the available funds in the estate.

WHEREFORE, Sugar, Friedberg & Felsenthal LLP respectfully requests that the Court enter an Order (i) authorizing payment of $6,713.00 in compensation for SFF's legal services from January 27, 2006 through August 14, 2006; (ii) authorizing payment of $205.34 as reimbursement for costs and expenses incurred and/or booked by SFF in connection with this case from January 27, 2006 through August 14, 2006; and (iii) granting such other and further relief as is just and suitable.

SUGAR, FRIEDBERG & FELSENTHAL LLP

By: /s/ *Paula K. Jacobi*
Paula K. Jacobi, Esq., one of SFF's partners

---

[1] Martin M. Weinstein and Paula K. Jacobi are SFF partners. Andrew J. Abrams is an SFF associate. Shanita Q. Golden and Jennifer L. Sherpan are SFF paralegals.

Paula K. Jacobi, Esq. (#1311247)
Andrew J. Abrams, Esq. (#6271836)
SUGAR, FRIEDBERG & FELSENTHAL LLP
30 North LaSalle Street, Suite 3000
Chicago, Illinois 60602
Telephone: 312-704-9400